**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW HAMPSHIRE**

DISTRICT OF NH
FILED
2026 SEP -8 P 11: 10
24 HOUR DEPOSITORY

Case No. ____________________ *(Leave blank for Clerk)*

[1-1] **JOHN DOE**, Plaintiff,

[1-2] v.

[1-3] **UNIVERSITY SYSTEM OF NEW HAMPSHIRE (USNH) BOARD OF TRUSTEES;**

[1-4] **DR. LOURDES B. AVILÉS;**

[1-5] **LINDSAY PAGE;**

[1-6] **DR. MATTHEW CHENEY**; and

[1-7] **UNNAMED DEFENDANTS 1 through 50**, Defendants.

---

1. **TITLE OF ACTION: COMPLAINT AND EMERGENCY EX PARTE REQUEST FOR A DEFERRED AND MODIFIED ROLLING SCHEDULE REGARDING STRUCTURAL PLEADINGS AND INTEGRATED MEMORANDA OF LAW**

2. **PROCEDURAL NOTE REGARDING INTEGRATION OF MOTION AND MEMORANDUM:** Pursuant to New Hampshire Federal **Local Rule 7.1**, the Plaintiff has fully integrated the required **Memorandum of Law** directly into the body text of this emergency skeleton filing. All formal statements of material facts, supporting statutory citations, and controlling federal precedents are woven sequentially into the numbered paragraphs below. This unified format satisfies all local form requirements while accommodating acute physical constraints under litigation stress, ensuring complete structural clarity for the Court while safeguarding the record.

3. **PLAINTIFF INFORMATION AND ADDRESS PARAMETERS:**

- **3-a. Plaintiff Pseudonym: JOHN DOE**
- **3-b. Address for Public Docket: OMITTED UNDER PROVISIONAL SEAL PURSUANT TO LR 83.12**
- **3-c. Administrative Note:** The Plaintiff is proceeding under the protective pseudonym **John Doe** to safeguard critical medical privacy, protect pre-existing rights, and prevent immediate administrative retaliation. Pursuant to the accompanying *Confidential Clerk Notice* filed under provisional seal inside this envelope, Plaintiff's true identity, personal residential address, secure Proton email, and phone number have been provided exclusively to the Court for administrative contact and tracking.

4. **DEFENDANT 1 INFORMATION AND ADDRESS PARAMETERS (INSTITUTIONAL):**

- **4-a. Defendant Name: UNIVERSITY SYSTEM OF NEW HAMPSHIRE (USNH) BOARD OF TRUSTEES**
- **4-b. Designated Service Address: Farnum Hall, 28 College Drive, Concord, NH 03301**
- **4-c. Administrative Note:** The principal institutional Defendant is located for purposes of subsequent formal service (once explicitly triggered under this requested schedule) at the designated address above.

5. **DEFENDANT 2 INFORMATION AND ADDRESS PARAMETERS (INDIVIDUAL):**

   - **5-a. Defendant Name: DR. LOURDES B. AVILÉS**
   - **5-b. Designated Service Address: Farnum Hall, 28 College Drive, Concord, NH 03301**
   - **5-c. Capacity Note:** Individual Defendant Dr. Lourdes B. Avilés is an administrator of the Defendant institution and is sued in her official and individual capacities.

6. **DEFENDANT 3 INFORMATION AND ADDRESS PARAMETERS (INDIVIDUAL):**

   - **6-a. Defendant Name: LINDSAY PAGE**
   - **6-b. Designated Service Address: Farnum Hall, 28 College Drive, Concord, NH 03301**
   - **6-c. Capacity Note:** Individual Defendant Lindsay Page is a staff member of the Defendant institution and is sued in her official and individual capacities.

7. **DEFENDANT 4 INFORMATION AND ADDRESS PARAMETERS (INDIVIDUAL):**

   - **7-a. Defendant Name: DR. MATTHEW CHENEY**
   - **7-b. Designated Service Address: Farnum Hall, 28 College Drive, Concord, NH 03301**

- **7-c. Capacity Note:** Individual Defendant Dr. Matthew Cheney is an professor of the Defendant institution and is sued in his official and individual capacities.

8. **UNNAMED DEFENDANTS INFORMATION PARAMETERS:**

- **8-a. Defendant Names: UNNAMED DEFENDANTS 1 THROUGH 50**
- **8-b. Designated Service Addresses: UNKNOWN / TO BE DETERMINED**
- **8-c. Operational Note:** Unnamed Defendants 1 through 50 represent institutional actors whose specific identities and personal involvement remain subject to rolling discovery and subsequent amendment.

9. **SERVICE ADDRESS NOTE FOR U.S. MARSHALS:** For the purpose of subsequent formal execution of service via the U.S. Marshals Service under Federal Rule of Civil Procedure 4(c)(3), the operative address for all Defendants is designated as: **28 College Drive, Farnum Hall, Concord, NH 03301**. Because the institutional telephone directory utilizes intricate, multi-tier phone tree networks that preclude direct external placement, contact parameter routing must be executed through the primary administrative desk at the designated facility, unless otherwise noted through subsequent filings.

## II. JURISDICTION AND VENUE

10. **Subject Matter Jurisdiction:** This Court has federal question jurisdiction over this action pursuant to **28 U.S.C. § 1331**, as the claims arise directly under the Constitution and laws of the United States, specifically the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

11. **Supplemental Jurisdiction:** This Court has supplemental jurisdiction over all related state law breach of contract and equitable claims pursuant to **28 U.S.C. § 1367**, as they form part of the same case or controversy and stem from the identical core operational nexus.

12. **Venue:** Venue is proper in the District of New Hampshire pursuant to **28 U.S.C. § 1391(b)** because all named Defendants reside or operate within this judicial district, and a substantial part of the events, multiyear retaliation, and structural contract breaches giving rise to these claims occurred inside this district.

13. **III. STATEMENT OF MATERIAL FACTS, ESCALATION, AND PROCESSING LIMITATIONS**

14. **Factual Narrative and Retaliatory Escalation:** This action stems from a pattern of policy retaliations contrary to contractual obligations, **led by Defendant Avilés**, that started in the Fall of 2023, which were aggressively escalated by the named Defendants in all the years since. Defendant Avilés correspondence has caused the Plaintiff severe, professionally documented medical emergencies due to persistent retaliation, harassment and administrative coercion, while completely omitting any mention or explicit discussion of the binding 2018 contract across the entirety of the direct communications to the Plaintiff.

15. **Immediate Looming Harm:** These cumulative administrative actions have created an immediate, looming deadline of academic severance in this current academic year, in addition to severe, ongoing financial harm and professional retaliation.

16. **Knowledge of Protected Activity:** These escalated retaliations were executed after the Defendants became aware of formal appeals and complaints made by the Plaintiff to the Office for Civil Rights (OCR) and the Department of Education (DoE) for assistance to mediate.

17. **General Factual Allegations and Personal Involvement:** The named individual and institutional Defendants are responsible for the ongoing administrative actions, oversight, and policy enforcements occurring in the Fall of 2025 and 2026 that directly threaten the Plaintiff's academic standing, enrollment, and contractually protected status.

18. **Factual Reservation and Cushion:** Because this emergency skeleton complaint is executed under acute medical distress to freeze vital deadlines, the specific, multi-tier interactions, emails, and exact personal involvement of each individual Defendant regarding the pre-existing 2018 contract history are reserved for progressive, comprehensive disclosure. Plaintiff explicitly invokes the right to supplement and attach these specific evidentiary timelines on a rolling basis as neurological processing capacities permit under the requested modified schedule.

19. **Processing Limitations and Leniency:** As documented by an authorized professional, Plaintiff's severe chronic medical constraints (including autism spectrum disorder and acute executive processing blockages) profoundly impact processing speed and cognitive execution under severe litigation stress. The extreme time pressure of intercepting immediate academic severance, combined with the fact that Plaintiff has been forced to exhaust over three weeks of active employment to prepare these initial materials, has left Plaintiff's physical and processing capacities severely depleted.

20. **Need for the Spirit of the Law:** Accordingly, Plaintiff respectfully requests that this provisional *ex parte* skeleton submission be evaluated in accordance with the equitable **"spirit of the law"** and the traditional leniency structurally afforded to unrepresented litigants under United States Supreme Court precedent *Haines v. Kerner*, 404 U.S. 519 (1972). Evaluating this rolling schedule under New Hampshire Federal Local Rule 83.12 and Local Rule 7.1 serves the acute public interest by preserving the status quo, safeguarding vital electronic institutional records, and protecting vulnerable non-party witnesses from immediate professional exposure while the formal record is being structured.

## IV. STATEMENT OF CLAIMS AND INITIAL RESERVATION (PROVISIONAL SKELETON)

20. **Category 1 (The Court Copy) — PROVISIONAL SUBMISSION TODAY:** Initial, provisional unredacted outlines are submitted conventionally under provisional seal today to halt the expiration of vital timelines. Plaintiff explicitly reserves the absolute right to subsequently supplement, expand, and revise these unredacted filings in sequential chunks as neurological and physical processing capacities permit.

21. **Category 2 (The Adverse Service Copy) — PRE-SERVICE ROLLING FRAMEWORK & SERVICE TRIGGER:** Because premature disclosure creates an immediate, catastrophic threat of institutional retaliation against the Plaintiff and supporting witnesses, as well as the imminent deletion of evidence, the issuance of all summonses must be deferred.

22. To ensure complete administrative security, the execution and issuance of summonses to the named Defendants and Unnamed Defendants 1 through 50 shall remain completely deferred until explicitly triggered by a formal confirmation and mutual coordination between the Plaintiff and the Court Clerk assigned to assist the Plaintiff with this matter.

23. This specialized pre-service matrix requires non-binding, flexible preparation time extending through autumn to safely structure the interconnected pleadings, which include emergency requests for comprehensive courtroom and mediation accommodations to guarantee equal access, comprehensive whistleblower and witness anti-retaliation protective orders, a dynamic rolling witness key list filed securely under seal at a subsequent date, emergency motions for the appointment of a special master to oversee multi-tiered institutional discovery, an expansive systemic record freeze targeting electronic databases and multi-tier email logs across various administrative positions, formal requests for court-assisted attorney placement or pro bono counsel resources to ensure equitable advocacy, and a formal statement of sought structural, equitable, and financial relief.

24. **Category 3 (The Public Docket Copy) — PROGRESSIVE PRODUCTION:** Plaintiff shall progressively file corresponding public docket copies, which will be customized and redacted in general alignment with the rolling schedule to ensure absolute consistency with all established privacy shields.

25. Under Title 34 C.F.R. and federal anti-discrimination mandates, the court is required to provide reasonable procedural modifications to ensure meaningful access. Denying this flexible framework would penalize the Plaintiff for documented processing limitations

and expose vulnerable witnesses to immediate harm, resulting in a severe miscarriage of justice.

## V. LOCAL RULE 7.1 COMPLIANCE AND CERTIFICATIONS

26. Pursuant to the District of New Hampshire Local Rules, the Plaintiff explicitly certifies and records the following procedural designations:

   - **Memorandum of Law: YES.** A memorandum of law is fully integrated and woven directly into the text of this motion and complaint pursuant to the authorization of Local Rule 7.1.
   - **Certification of Concurrence: NOT ATTEMPTED / NOT REQUIRED.** Plaintiff has not attempted to obtain concurrence or agreement from the adverse parties because this matter is filed *ex parte* to prevent the immediate destruction of electronic institutional records, to safeguard the Plaintiff from immediate personal and academic retaliation, and to protect vulnerable non-party witnesses from administrative backlash.

## VI. JURY DEMAND

27. **NO JURY DEMAND:** The Plaintiff hereby explicitly states and records that **THERE IS NO JURY DEMAND** in this action. All present and subsequent claims, remedies, and equitable overhauls shall be submitted strictly for bench determination by the Court.

## VII. RESERVATION OF ALL CLAIMS AND REMEDIES

28. Plaintiff explicitly reserves the right to progressively supplement, amend, and expand the specific statements of claims and requests for relief herein as the rolling schedule

proceeds. Because this provisional skeleton filing is executed under emergency, pre-service conditions to preserve vital institutional evidence and protect vulnerable non-party witnesses, no waiver of any rights, claims, or potential remedies is intended or executed by this initial threshold submission.

## VIII. VERIFICATION OF EXHIBITS AND PROVISIONAL EVIDENCE

29. **PROVISIONAL SUBMISSION OF EVIDENCE:** Plaintiff has included true and correct copies of the 2018 contract and current medical documentation within this sealed envelope for immediate, confidential review by the Court. All supporting documents and evidentiary materials attached hereto shall be formally marked, indexed, and labeled as sequential Exhibits in due course as the requested rolling schedule proceeds.

30. **VERIFICATION PURSUANT TO 28 U.S.C. § 1746:** I, **John Doe**, declare under penalty of perjury under the laws of the United States of America, that I am the Plaintiff proceeding under a pseudonym in the above-captioned matter, that I have reviewed the foregoing Emergency Complaint and Motion, and that the factual assertions and accompanying provisional evidence attached hereto are true, accurate, and correct to the best of my knowledge, information, and belief.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant this Emergency Complaint and Motion; enter an Order directing the Clerk of Court to temporarily withhold and defer the execution and issuance of all summonses to the Defendants until explicitly triggered by the mutual coordination of the Plaintiff and the assigned Court Clerk; grant a flexible, non-binding multi-phase rolling schedule of at least thirty (30) days for the Plaintiff to submit formal, customized redacted iterations of the operative record; and **grant any other equitable,**

**injunctive, statutory, or financial relief that this Court deems just, necessary, and proper, that the Plaintiff may ask for as these proceedings unfold, including the ultimate entry of a court-enforceable Consent Degree to secure systemic institutional reform:** including but not limited to permanently halting all retroactive policies targeting organically developed student accommodations, to compel absolute institutional compliance with federal law and mediation contracts without deviation or delay, and to permanently enjoin the Defendants from utilizing bad-faith omissions of material fact, administrative stonewalling, or retaliatory grievance pathways against the plaintiff or supporting university employees.

Respectfully submitted,

/s/ John Doe

**JOHN DOE**, *Pro Se* Plaintiff