FILED - USDC -NH
2026 SEP 11 PM4:46

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW HAMPSHIRE**

**Case No.** 26 – CV – 733

**[1-1] JOHN DOE, Plaintiff,**

**[1-2] v.**

**[1-3] UNIVERSITY SYSTEM OF NEW HAMPSHIRE (USNH) BOARD OF TRUSTEES;**

**[1-4] DR. LOURDES B. AVILÉS;**

**[1-5] LINDSAY PAGE;**

**[1-6] DR. MATTHEW CHENEY; and**

**[1-7] UNNAMED DEFENDANTS 1 through 50, Defendants.**

---

**1. TITLE OF ACTION: PLAINTIFF'S EMERGENCY SUPPLEMENTAL NOTICE AND INTEGRATED MEMORANDUM OF LAW REGARDING PRE-EXISTING CONTRACTUAL ACCOMMODATIONS, STRICT PROVISIONAL SEAL PARAMETERS, AND RE-AFFIRMATION OF REQUEST FOR DEFERRED SUMMONSES AND DEFERRED LITIGATION**

2. The Plaintiff, **John Doe**, proceeding *pro se*, respectfully submits this brief Emergency Supplemental Notice and Integrated Memorandum of Law to clarify and support the pending Emergency Complaint and Motion filed conventionally under provisional seal.

3. This threshold supplement is intended to anchor vital contractual definitions, controlling statutory mandates, and explicit privacy-lock triggers into the record before the Court establishing a customized, flexible schedule.

4. The Plaintiff explicitly records the following factual, legal, and procedural clarifications in paragraphs 5 through 17 below to ensure structural clarity for the Court while safeguarding the record.

## I. IMMEDIATE MANDATORY NOTICE OF PROVISIONAL SEAL, DEFERRED SUMMONSES, AND DEFERRED LITIGATION STATUS

5. **Provisional Seal Parameters:** Plaintiff files this document, and all preceding initiation materials, under strict provisional seal pursuant to **Local Rule 83.12 (Category 1).** In exact alignment with the initial skeletal complaint, this action remains in a restricted, pre-service status quo and shall not formally commence or open for standard adversarial activity until the core pleadings are securely structured. The execution, generation, and issuance of all summonses to the Defendants **are requested to be deferred.** This deferred litigation schedule shall only be triggered and opened by subsequent explicit confirmation and mutual coordination between the Plaintiff and the Clerk's Office.

## II. THE REASONABLE BASELINE: 3X/4X CONTRACTUAL STANDARDS FOR PROCESSING TIME

6. **Contractual Anchoring:** Plaintiff highlights that the **2018 Facilitated Resolution Agreement**—mediated and executed under the oversight of the **U.S. Department of Education Office for Civil Rights (OCR)**—explicitly and contractually binds the

Defendant University to structural accommodation parameters that directly mirror the procedural leniency requested in this litigation.

7. **Explicit Temporal Framework:** Paragraph 4-c of the binding contract mandates:

*"When a Graded Assessment is intended to be completed in 14 days or less (two weeks or less), the Student shall not receive less than 4x the standard time allowed for other students. Otherwise when a Graded Assessment is intended to be completed in 15 days or greater the Student shall not receive less than 3x the standard time allowed for other students."*

8. **Expansive Applicability:** Pursuant to Paragraph 4-a of that same agreement, these explicit parameters apply expansively across *"tests, quizzes, in-class writing assignments, and other graded assignments."*

9. **Historical Consistency:** Furthermore, in Paragraph 5-j of the contract, *"The University acknowledges that this resolution process is consistent with the processes previously used by the Student to address concerns regarding his accommodations and disability."*

10. **Clarification of "Not Less Than" Minimum Floors:** Plaintiff explicitly directs the Court's attention to the restrictive contractual modifier **"not receive less than"** embedded throughout Paragraph 4-c of the agreement. By utilizing the Defendants' own negotiated terms, this notice establishes that the 3x and 4x temporal modifications represent absolute administrative minimum floors, not rigid limits or operational ceilings. Plaintiff draws this distinction forward to request that whenever the Court eventually establishes standard procedural or scheduling deadlines in this matter, those baseline windows be dynamically extended by these corresponding multipliers to accommodate Plaintiff's

ongoing medical, academic, employment, and legal tasks under the acute, professionally documented stress of this litigation.

## III. INTEGRATED MEMORANDUM OF LAW

11. **The ADA and Rehabilitation Act Mandates:** Pursuant to federal civil rights jurisprudence, federal courts have a clear and binding obligation to provide reasonable procedural modifications to disabled litigants to ensure meaningful, equitable access to the justice system. In ***Tennessee v. Lane*, 541 U.S. 509 (2004)**, the United States Supreme Court explicitly affirmed that the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act apply directly to the administration of court proceedings. Denying a disabled litigant the necessary temporal flexibility to process documents would effectively penalize them for their disability, resulting in a discriminatory exclusion from judicial access.

12. **Application of Contract Law to Court Rule Modifications:** Under fundamental principles of contract law and equitable estoppel, a party is strictly bound by its prior formal concessions and contractual commitments. Because the institutional Defendants have already contractually agreed and officially conceded in writing under Paragraph 5-j that 3x to 4x temporal extensions are entirely reasonable, safe, and fully compatible with workable administrative operations, they are **legally precluded** from claiming that a matching procedural modification by this Court would cause them undue administrative hardship or prejudice.

13. **Authority for Pre-Service Seals and Deferrals:** Under **Federal Rule of Civil Procedure 26(c)**, this Court possesses the inherent, broad equitable authority to issue

protective orders managing the timing, sequence, and sealing of disclosures to prevent severe administrative oppression, undue burden, or weaponized retaliation against a vulnerable litigant. Maintaining this action under strict provisional seal, pausing the issuance of summonses, and entering a deferred litigation framework protects the structural integrity of the electronic record from immediate alteration or destruction, while safeguarding non-party witnesses from immediate institutional exposure while the formal record is being methodically constructed.

14. **Equitable Discretion:** Accordingly, Plaintiff respectfully requests that this Court exercise its inherent equitable authority to mirror these pre-existing, contractually established metrics to govern the customized, phased framework requested in this action, thereby neutralizing any potential imbalance caused by Plaintiff's processing limitations.

## IV. ABSOLUTE RESERVATION OF RIGHTS & PROCEDURAL CORRECTIONS

15. **No Election of Remedies:** This supplemental reference to the 2018 contract framework is submitted strictly to demonstrate the historical baseline of reasonable accommodations previously accepted by the institution. It is executed solely for the purpose of guiding the Court's equitable discretion regarding the rolling pleading schedule. This notice does not constitute an election of remedies, a limitation of sought structural or financial reliefs, or a waiver of any future claims, administrative breaches, or detailed factual pleadings to be developed as the litigation proceeds.

16. **Formal Request Regarding the September 8th Filing Date:** Plaintiff notes for the record that all initial core components of this action—including the Emergency Complaint, Confidential Clerk Notice, and Form AO 239—were successfully deposited

into the Court's physical emergency drop-box and ink-stamped at approximately 11:00 PM on **Tuesday, September 8, 2026**. Any subsequent reference to September 9th within the introductory administrative text constitutes an unintentional typographical oversight under emergency stress. To ensure complete consistency across the public docket and to definitively secure the accurate operative timeline of this action, Plaintiff respectfully requests that the Court officially log and recognize the formal filing date of this action as **September 8, 2026**.

17. **Progress of the Comprehensive Factual Timeline:** Plaintiff confirms that a meticulous, multi-point factual narrative and evidentiary timeline covering the multi-year history of administrative retaliation is actively being prepared. Due to documented acute executive processing constraints under high litigation stress, ensuring absolute accuracy across this extensive record requires significant, flexible processing intervals. Granting the requested adaptive, phased rolling schedule prevents a severe miscarriage of justice while safeguarding the structural integrity of the judicial record.

**WHEREFORE**, Plaintiff respectfully requests that this Court accept this Emergency Supplemental Notice and Integrated Memorandum of Law; enforce the strict provisional seal parameters, deferred summonses, and deferred litigation parameters pending mutual coordination between the Plaintiff and the Clerk's Office; integrate these pre-existing 3x/4x contractual minimum parameters directly into the Court's evaluation of the pending Emergency Motion for a Deferred and Modified Rolling Schedule; officially record the entry date of this action as **September 8, 2026**; and grant any other equitable, statutory, or procedural relief that this Court deems just, necessary, and proper to ensure equal access to these judicial proceedings.

Dated: September 11, 2026

Respectfully submitted,

*/s/ John Doe*

John Doe, *Pro Se Plaintiff*