**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

John Doe

v. Civil No. 26-cv-733-SE-TSM

University System of New Hampshire, Trustees et al.

**ORDER**

Pro se plaintiff John Doe[1] brings suit against the University System of New Hampshire Board of Trustees and several individuals, identified and unidentified, arising out of a "pattern of policy retaliations contrary to contractual obligations" beginning in 2023. Doc. no. 1, ¶ 14. The plaintiff alleges few specific facts in what he describes as his "emergency skeleton complaint" that was "executed under acute medical distress to freeze vital deadlines," id., ¶ 18, but he invokes the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, id., ¶ 10. He also asserts that the court has "supplemental jurisdiction over all related state law breach of contract and equitable claims." Id., ¶ 11.

The plaintiff filed his complaint twice, designating one copy as his "complaint" (doc. no. 1) and another copy, without the exhibits, as a motion for a preliminary injunction (doc. no. 3).

[1] The plaintiff states that he is proceeding under a pseudonym to preserve the confidentiality of medical information, protect his rights, and avoid retaliation from the defendants. The court notes that "there is a 'strong presumption' against proceeding by pseudonym, which the moving party bears the burden of rebutting." Doe v. U.S. Sec'y of State, 707 F. Supp. 3d 142, 143 (D.N.H. 2023) (quoting Doe v. Mass. Inst. of Tech., 46 F.4th 61, 73 (1st Cir. 2022)). To the extent that the plaintiff files an amended complaint in accordance with this order and wishes to remain anonymous, he shall file an ex parte motion to proceed under a pseudonym with his amended complaint.

He then filed an "emergency supplemental notice and integrated memorandum of law" regarding his claims. Doc. no. 5. The court considers all of the plaintiff's filings to the extent that they are relevant to the motion for preliminary relief.

Viewed generously, the plaintiff's motion for a preliminary injunction asks the court to do the following to accommodate certain alleged disabilities: 1) preserve all of his claims for the purposes of the applicable statutes of limitations; 2) waive all deadlines established by the Federal Rules of Civil Procedure and the court's Local Rules; 3) permit the plaintiff to file documents expanding on his claims and seeking additional court intervention (protective orders, comprehensive courtroom and mediation accommodations, the appointment of a special master to oversee discovery, etc.) on a rolling basis; 4) defer issuing summonses to the defendants; and 5) maintain his pleadings under seal.

The court notes at the outset that neither Title II of the Americans with Disabilities Act nor Section 504 of the Rehabilitation Act applies to federal courts. United States v. Alonso-Vega, No. 23-1252, 2025 WL 4634261, at *1 (1st Cir. Oct. 7, 2025); Blidgen v. Town of Braintree, No. CV 25-12302-MJJ, 2025 WL 2939399, at *4 (D. Mass. Oct. 16, 2025). Nonetheless, the court is committed to maintaining access to the court for all litigants and endeavors to grant reasonable requests for accommodations. Any accommodations that fundamentally change court proceedings, could alter the court's substantive decisions, or affect any other parties' due process rights, however, are not reasonable. With those principles in mind, the court considers the plaintiff's requests.

The court will not, at this time, decide whether the plaintiff's "skeleton" complaint is sufficient to state any claim against any defendant. Nor will the court decide whether any allegations, claims, or defendants named in an amended complaint, if any, will relate back to the

date on which the plaintiff filed his initial complaint. Those decisions require the court to apply a number of legal standards to the specific facts and the procedural posture presented by an amended complaint. The court simply cannot determine, one way or the other, whether any potential amended claims will be deemed timely. Such an order on the current record before the court may be an impermissible advisory opinion. See Bah v. Enter. Rent-A-Car Co. of Bos., LLC, 560 F. Supp. 3d 366, 371-72 (D. Mass. 2021). Also, due process requires the court to provide the defendants with an opportunity to appear and make their own arguments regarding timeliness before deciding those issues in favor of the plaintiff. The plaintiff's request that the court preserve, at this time, his potential future claims for the purposes of applicable statutes of limitations is denied without prejudice to his ability to argue that any future claims are timely.

In all cases, the court will consider reasonable requests to extend deadlines. It may be that the plaintiff's alleged medical issues, or other facts, justify extensions of certain deadlines in this case. "While pro se complaints and filings are construed liberally, Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 75–76 (1st Cir. 2014), even pro se litigants are bound by the Federal Rules of Civil Procedure." Wheeler v. United Parcel Serv. Inc., No. 25-CV-372-JL-AJ, 2026 WL 1082635, at *2 (D.N.H. Mar. 24, 2026), report and recommendation approved, No. 25-CV-372-JL-AJ, 2026 WL 1081086 (D.N.H. Apr. 21, 2026); Koch v. Clayton, No. 12-CV-01934 (APM), 2017 WL 2389921, at *1 (D.D.C. June 1, 2017) (Although a plaintiff may be "proceeding pro se, he is obligated to adhere to the Federal Rules of Civil Procedure, which include limited periods for discovery and strict deadlines."). The court will not grant a blanket extension of all deadlines and will not tie the length of any potential extension to the time allotted for the plaintiff to complete schoolwork, as argued, because the considerations controlling the entitlement to or length of any extension in the educational setting are not the same as those in the litigation

setting. Absent specific relief from the court, the plaintiff shall be bound by the deadlines and other provisions set forth in the Federal Rules of Civil Procedure and this court's Local Rules.

Because the plaintiff is representing himself and is proceeding in forma pauperis, the court will conduct preliminary review of his filings and determine whether it should dismiss his case or any claim because, among other reasons, the court lacks subject matter jurisdiction, he fails to state a claim upon which relief may be granted, or a defendant is immune. See LR 4.3(d)(2). The court will not issue any summons until it finishes preliminary review. To the extent that the plaintiff wishes to amend his complaint prior to that review, the court is inclined to allow him to do so. Thus, he will have time to add to his allegations and claims prior to the issuance of any summons. Again, the court cannot now determine whether any amendments will relate back to his original filing. But the court will not begin to conduct preliminary review until November 16, 2026. On that date, the court will begin its preliminary review of the complaint then in effect.

As of right now, doc. no. 1 is considered the operative complaint (the complaint in effect). If the plaintiff wants the court to consider something other than doc. no. 1 as the operative complaint for the purpose of preliminary review and, ultimately, service on the defendants, he must file an amended complaint. An amended complaint completely replaces an original complaint as the operative complaint. Brait Builders Corp. v. Mass., Div. of Cap. Asset Mgmt., 644 F.3d 5, 9 (1st Cir. 2011).[2] Accordingly, if the plaintiff chooses to file an amended complaint, he must repeat anything from the original complaint that he intends to include as part of the new, operative complaint. Similarly, the amended complaint must be a standalone

[2] As discussed, a number of considerations that the court cannot weigh on this record will decide whether any claim or allegation in the amended complaint relates back to the original filing date.

document that includes all parties and claims; the court will not consider factual allegations found elsewhere in the record (e.g., in a cover sheet, affidavit, letter, or other filing).

The amended complaint must also comply with Federal Rule of Civil Procedure 8, which requires the amended complaint to "at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally." Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 68 (1st Cir. 2004). All facts should be set forth in separately numbered paragraphs. Finally, the amended complaint should not be unnecessarily lengthy and should contain simple, concise, and direct allegations.

To the extent that the plaintiff wants to move for other relief, such as to proceed under a pseudonym or to seal certain allegations or exhibits, he may submit such motions prior to preliminary review, but they may or may not be decided until the court concludes preliminary review and allows the defendants to respond. While the plaintiff should not presume that the court will permit him to proceed under a pseudonym or seal any pleading or exhibit, the court may allow it, provisionally, pending preliminary review. In its assessment of a request to seal, the court must "carefully balance the presumptive public right of access against the competing interests that are at stake in a particular case." United States v. Kravetz, 706 F.3d 47, 52 (1st Cir. 2013).

## Conclusion

For these reasons, the plaintiff's motion for a preliminary injunction (doc. no. 3) is granted to the extent that it seeks permission to file an amended complaint and delay the issuance of any summons until the court finishes preliminary review of that amended complaint. The

plaintiff shall file the amended complaint, which shall comply with the directions in this order, on or before November 16, 2026. The motion for a preliminary injunction is otherwise denied.

SO ORDERED.

Samantha D. Elliott
United States District Judge

Dated: September 16, 2026

cc: John Doe, pro se