UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

DISTRICT OF NH
FILED
2026 SEP 21 A 7:34
24 HOUR DEPOSITORY

**[1-1] JOHN DOE, Plaintiff,**

**[1-2] v.**

**[1-3] UNIVERSITY SYSTEM OF NEW HAMPSHIRE (USNH) BOARD OF TRUSTEES;**

**[1-4] DR. LOURDES B. AVILÉS;**

**[1-5] LINDSAY PAGE;**

**[1-6] DR. MATTHEW CHENEY; and**

**[1-7] UNNAMED DEFENDANTS 1 through 50, Defendants.**

Case No. 1:26-cv-00733-SE-TSM

**PLAINTIFF'S EMERGENCY MOTION FOR A PROVISIONAL CONTAINER SEAL, REMOVAL OF THE ELECTRONIC INDEX, AND FOR IMMEDIATE REASONABLE CLERICAL DOCKETING VERIFICATION ACCOMMODATIONS**

NOW COMES the Plaintiff, John Doe, proceeding pro se, and respectfully moves this Honorable Court to place **the entirety of Case No. 1:26-cv-00733-SE-TSM** under **a temporary provisional seal, to mask the visible electronic defendant index from public-facing web scrapers, and to authorize immediate administrative and clerical communications accommodations to resolve a severe information asymmetric gap**. In support, Plaintiff states:

**I. ADMINISTRATIVE CONTEXT AND FACTUAL GROUNDING**

1. **Invocation of Page 5 Sealing Framework: Plaintiff explicitly brings this application under the protective procedural framework set forth on Page 5 of the Court's September 16, 2026 Order, which notes that the Court may allow a party to proceed under a pseudonym and seal files provisionally pending preliminary review.**

2. **Compliance with Standalone Amended Complaint Mandate:** Plaintiff fully intends to fulfill the Court's directive to compile all factual allegations into a single, comprehensive, standalone Amended Complaint by November 16, 2026. **This motion does not challenge that schedule**; rather, **it seeks the necessary provisional administrative container required to safely execute the Court's directives without facing devastating extrajudicial consequences during the preparation period.**

3. **The Asynchronous Record and Clerical Backlog**: Plaintiff has diligently submitted three distinct sequences of filings to preserve his rights: the initial baseline filings on September 8, 2026; a supplemental memorandum on September 11, 2026; and some motions serving as part of a pre-service safety matrix consisting of four distinct emergency motions (Motions 1A, 1B, 1D, and 1E) hand-delivered after-hours via the physical courthouse stamp clock on Tuesday night, September 15, 2026.

4. **The Tracking Divergence**: Due to an unavoidable administrative bottleneck—specifically, the primary assigned case clerk being physically engaged in an unrelated active trial all week—Plaintiff's manually stamped September 15th emergency safety filings remained in a physical backlog queue. Unaware of this pending matrix, the Court issued its procedural order on Wednesday, September 16, 2026. Consequently, the operative record is out of sync: the Court's order addresses a 'skeleton' framework without the benefit of reviewing other legal clarifications delivered on September 15th.

5. **Severe Asymmetric Information Blindness**: Because Plaintiff's documented disabilities (Autism and Photophobia) preclude the use of computer monitors or the electronic portal (CM/ECF), Plaintiff is completely blind to the computerized system that automatically labels and numbers filings (e.g., "Doc. numbers"). **Plaintiff has no mechanical method of tracking which number corresponds to which physical paper, creating an impossible litigation environment where he is forced to guess what the Court is referencing.**

6. **Immediate Threat from Internet Scrapers**: While the Court's September 16th Order protected Plaintiff's physical safety by delaying formal summonses, the unique grouping of individual named defendants remains completely visible on the public-facing electronic docket tracking portal. Automated commercial scraping bots are designed to index these names. This creates an immediate "process-of-elimination" unmasking of the disabled Plaintiff, exposing him and vital workplace witnesses to severe pre-service retaliation and evidence destruction before the single standalone complaint can be structured in November.

7. **Severe Mail Latency and Summary Constraints**: Plaintiff received the Court's September 16th Order via physical mail on Saturday, September 19, 2026, demonstrating a consistent week transit delay from judicial signature to delivery. Throughout the week of September 14, 2026, Plaintiff attempted to track his case via telephone but was faced with conflicting intake instructions and an inability by staff to provide an adequate reading or breakdown of the newly signed order, to have other clerks not indisposed by other court duties move emergency filings to judges' chambers, limiting information to an insufficient one-sentence summary and repeated deferment of submitted filings already

within the courthouse to judges. **This informational vacuum under acute neurodivergent processing strain threatens a total breakdown of meaningful court access.**

8. **Fall 2026 Scheduling Parameters**: To maintain critical employment hours necessary for vital medical benefits, alongside mandatory academic schedules, Plaintiff's operational window for in person communications or scheduled telephonic court conferences during the Fall 2026 term is currently optimized for Thursdays and Fridays. This scheduling window is administrative and subject to modification upon notice to the Court as semesters, medical, and employment requirements shift.

## II. INTEGRATED MEMORANDUM OF LAW

1. **The Meaningful Access Standard Requires Administrative Modification:** The **First Circuit establishes that the constitutional right of access to the courts requires an infrastructure that is "adequate, effective, and meaningful." Kotler v. Webb, 788 F.2d 1381, 1384 (1st Cir. 1986).** When a pro se litigant's clinical diagnostic restrictions create an absolute physical barrier to electronic tracking portals, providing flexible clerical interventions is a necessary administrative adjustment to guarantee meaningful access.

2. **Inherent Power and Administrative Routing:** Federal district courts possess independent, inherent authority to manage their immediate administrative processes to secure a just, speedy, and inexpensive outcome. **Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991); see also FRCP 1. Pursuant to 28 U.S.C. § 956**, this Court maintains full

authority to direct any available intake clerk to route physical emergency filings directly to Chambers to prevent administrative backlogs from destroying a party's rights.

3. **The First Circuit Standard Overcoming Public Presumption**: While a general presumption of public access exists, the **First Circuit holds that this presumption is readily overcome when a party's privacy, safety, or constitutional rights outweigh the public's commercial interest. National Organization for Marriage v. McKee, 649 F.3d 34, 70 (1st Cir. 2011).** Because the target digital footprint unmasks a protected pseudonym via automated scraping prior to service**, a provisional container seal is the narrowest method available to prevent extrajudicial witness tampering and protect the status quo.**

4. **The Legal Distinction Between Pleading Rules and Protective Orders: Local Rule 15.1** and standard federal practice dictate that an amended complaint must be a standalone document when pleading the ultimate merits under **FRCP 15(a).** However, this rule does not strip a court of its separate, independent jurisdiction to issue interlocutory protective orders under **FRCP 26(c)(1)** to safeguard the physical preparation process of that complaint. **Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1884).** The requirement for a single final document in November does not bar interim protective container routing in September.

5. **Preserving the Status Quo Pre-Service:** A federal court maintains an independent duty under equity to ensure that its internal processing timelines do not alter or extinguish the subject matter of a dispute before service of process. **United States v. Shipp, 203 U.S. 563, 573 (1906). Leaving the case container unsealed while formal summonses are deferred permits commercial web bots to tip off the institutional network, enabling**

**the target entity to scrub servers and pressure workplace witnesses, thereby destroying the exact neutral "status quo" the Court intended to mandate.**

## III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant the following specific, structured relief:

a. **IMMEDIATE PROVISIONAL CONTAINER SEAL**: Order the Clerk of Court to place the entirety of Case No. 1:26-cv-00733-SE-TSM under an immediate, strict provisional blanket seal, completely masking the public-facing electronic docket index and hiding the names of all individual Defendants from commercial web scrapers until the final standalone Amended Complaint is submitted on November 16, 2026;

b. **CLERICAL ROUTING OVERRIDE**: Pursuant to **28 U.S.C. § 956**, direct the Clerk's Office to immediately route this application, alongside the backlogged physical submissions manually stamped on September 15, 2026, directly to Chief Judge Elliott's Chambers to resolve the asynchronous state of the record;

c. **PROCEDURAL REALIGNMENT AND BLENDING OF PRIOR MOTIONS**: Order that the backlogged emergency safety motions manually stamped on September 15, 2026 (**Motions 1A, 1B, and 1D) be held in administrative abeyance and fully blended into, and superseded by, the narrower framework of this updated Emergency Motion to ensure perfect consistency with the Court's September 16th Order, while expressly preserving Plaintiff's alternative discovery framework under Rule 31 (Motion 1E) for later activation**;

d. **CLERICAL VERBAL DOCKETING ACCESSIBILITY MANDATE:** Issue an explicit administrative directive requiring that upon telephonic contact by the Plaintiff, any available

intake clerk must cross-reference the active electronic docket and read aloud the exact system-assigned "Document Number" alongside the actual physical name of the file and its entry date, completely eliminating the informational blindness caused by Plaintiff's photophobia;

e. **CLERICAL VOICE ACCESS (THE MAIL LAG ESCAPE VALVE):** Issue an administrative directive permitting Plaintiff to contact the Clerk's Office by telephone to have newly issued orders read aloud in full by any available intake clerk, ensuring Plaintiff's severe photophobia and the week physical mail transit lag do not cause an involuntary default;

f. **COUNTER ACCESS RIGHTS**: Authorize Plaintiff to travel to the Concord courthouse counter to receive free, immediate physical paper copies of any newly entered docket updates directly from the intake desk upon request; and

g. **CURRENT FALL 2026 CLERICAL SCHEDULING CHIPS**: Direct that any routine, standard administrative or scheduling communications from the Clerk's Office be optimized for Thursdays and Fridays to accommodate mandatory Fall 2026 academic hours, medical appointments, and critical employment hours required to maintain vital medical benefits.

Dated: September 21, 2026

Respectfully submitted,

/s/ John Doe

John Doe, Plaintiff Pro Se

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

DISTRICT OF NH
FILED
2026 SEP 21 A 7:33
24 HOUR DEPOSITORY

[1-1] **JOHN DOE**, Plaintiff,

[1-2] v.

[1-3] **UNIVERSITY SYSTEM OF NEW HAMPSHIRE (USNH) BOARD OF TRUSTEES**;

[1-4] **DR. LOURDES B. AVILÉS**;

[1-5] **LINDSAY PAGE**;

[1-6] **DR. MATTHEW CHENEY**; and

[1-7] **UNNAMED DEFENDANTS 1 through 50**, Defendants.

Case No. 1:26-cv-00733-SE-TSM

**NOTICE TO THE CLERK OF COURT: EMERGENCY ADMINISTRATIVE ROUTING DIRECTIVE**

**TO: THE INTAKE SUPERVISOR / DUTY CLERK OF COURT**

**CRITICAL ADMINISTRATIVE HANDLING INSTRUCTIONS:**

1. **STATUTORY ADMINISTRATIVE DUTY: Pursuant to 28 U.S.C. Section 956, the collective clerks of this Court possess an explicit statutory duty to manage and route administrative filings.** Because the primary assigned docket clerk was physically engaged in an active, unrelated trial all last week, Plaintiff's hand-stamped emergency safety matrix delivered after-hours last Tuesday, September 15, 2026, remains un-scanned in the physical backlog queue. Any available intake supervisor or clerk is respectfully

requested to immediately hand-carry this emergency submission to Chambers alongside those backlogged September 15th filings to resolve the asynchronous state of the record.

2. **PROVISIONAL HOLD ON PUBLIC SCANNING**: **Accompanying this notice is an Emergency Motion for a Provisional Seal**, brought **directly pursuant to Chief Judge Elliott's explicit instruction on Page 5 of her September 16, 2026 Order**, noting that the Court may allow sealing provisionally pending preliminary review.

3. **ACTION REQUIRED**: To prevent the immediate, irreversible unmasking of the pseudonymous Plaintiff by automated commercial data scraping bots (e.g., CourtListener, Trellis) via the visible defendant index, you are respectfully requested to:

   a. Log the physical receipt of this filing in the internal system immediately.

   b. Hold this physical package completely out of the public-facing electronic scanning queue.

   **c. Forward this standalone package directly to Chief Judge Elliott's Chambers for immediate, provisional review.**

Dated: September 21, 2026

Respectfully submitted,

/s/ John Doe

John Doe, Plaintiff Pro Se