UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

John Doe

v. Case No. 26-cv-733-SE-TSM

University System of New Hampshire,
Trustees et al.

**O R D E R**

After hours on September 15, 2026, the plaintiff hand-delivered four motions to the court's 24-hour depository: Emergency Motion and Memorandum of Law to Establish a Provisional, Flexible Rolling Seal on All Current and Future Filings, Motions, Orders, and Case Docket Index Pending Plaintiff's Service Readiness (doc. no. 7); Emergency Motion and Memorandum of Law to Enforce Accommodation Metrics of the 2018 OCR-Mediated Binding Contract to the Case Scheduling Timeline (doc. no. 8); Emergency EX PARTE Motion and Memorandum of Law to Establish an Intraprocedural Triage Protocol for Immediate Judicial Intervention Pending Service Readiness (doc. no. 9); and Motion for Preliminary Case Management Order Authorizing Depositions by Written Questions Pursuant to Fed. R. Civ. P. 31 With Built-In Operational Flexibility (doc. no. 10). Before the clerk's office had an opportunity to docket the pleadings, the court issued an order granting in part and denying in part the plaintiff's motion for a preliminary injunction. Doc. no. 6. Acknowledging the "asynchronous record" and responding to the court's order, the plaintiff renewed and expanded upon his requests in an Emergency Motion for a Provisional Container Seal, Removal of the Electronic Index, and for Immediate Reasonable Clerical Docketing Verification Accommodations. Doc. no. 11. The court addresses all five motions herein.

I. Motions To Seal (doc. nos. 7 & 11)

Document nos. 7 and 11 request to seal the entire case (all filings and orders and the docket itself), preventing access by third parties, "internet scrapers," and the unserved but named defendants. Doc. no. 11 at 3. The plaintiff asks to maintain the seal until he has "finalized and supplied [his] complete structural matrix of motions" and provided completed summonses to the clerk's office, which will signal that he "is legally prepared to transition out of an ex parte configuration." Doc. no. 7 at 2. That request is denied. The plaintiff was free to work confidentially until he was ready to file his case publicly, but he is not permitted to file a case under seal merely because he is still working on an amended complaint and he wants all of his filings to become public on the same day.

He also alleges that publicly visible filings expose him and non-parties to retaliation by the defendants, but he includes no facts to substantiate the claim or to explain why retaliation is more likely in this case than in any other. While he also argues that refusing to seal the case constitutes retaliation by the court under Title II of the Americans with Disabilities Act or Section 504 of the Rehabilitation Act, that argument fails on numerous grounds, including as explained in the court's previous order that the court is not subject to the relevant statutory provisions. Thus, the plaintiff's references in his motion to those statutes do not support the relief sought. Moreover, their presumptive application to the defendants in this case adequately protects the plaintiff and his colleagues from the specter of retaliation. Though undoubtedly exceptional to the pro se plaintiff, the claims (as far as the court can discern them at this stage) are garden-variety disability claims. The plaintiff has not alleged any facts that could compete with the public's presumptive right of access and entitle him to exceptional protection by sealing

the entire docket in this case.[1]

Local Rule 83.12(d) provides that the court will, after it denies a motion to seal pleadings, strike from the docket and return to the movant any materials submitted provisionally under seal. Because the plaintiff moved to seal the entire case, the court has provisionally sealed all of the pleadings he has filed thus far. In this order, the court denies the plaintiff's requests to seal the pleadings, orders, and docket. If the court were to strike every pleading pursuant to LR 83.12(d), it would necessarily dismiss the case. Thus, the plaintiff shall file a notice on or before October 28, 2026, identifying the pleadings he wishes the court to strike, if any. The court will unseal all pleadings the plaintiff does not specifically request the court to strike on or before that date. Judge Saint-Marc's September 11, 2026 order prohibiting remote electronic access to certain documents remains in effect. See doc. no. 4.

## II. Accommodation (doc. no. 8)

Document no. 8 again alleges that the plaintiff's deadlines in this case should be governed by a 2018 facilitated resolution providing him certain academic accommodations. As the court has explained, the court will not provide a blanket extension of all deadlines and will not tie the length of any potential extension to the accommodations provided in an educational setting. If the plaintiff needs an extension of time for any specific pleading, he may request one, but he should understand that the deadlines in this case will generally be governed by the Federal

[1] The court will presently continue to defer its decision regarding the plaintiff's request to proceed under a pseudonym because it is not yet clear whether the amended complaint or future filings will contain sufficient confidential information to justify the use of a pseudonym in this case. Again, the plaintiff must file with his amended complaint a properly supported motion to proceed under a pseudonym if he wishes the court to allow him to do so.

Rules of Civil Procedure and the court's local rules. Doc. no. 8 is denied.

III. Clerk's Office (doc. no. 9)

Document no. 9 seeks "an immediate bypass channel straight to judicial chambers for active emergencies." Doc. no. 9 at 3. The plaintiff requests a court order expediting consideration of his pleadings and directing the clerk of court to route any document the plaintiff marks as "TO BE EXECUTED PROMPTLY" to the assigned judge "for immediate judicial review and substantive execution." Id. at 2. Document no. 11 similarly requests an order directing the clerk's office to route pleadings immediately and directly to the judge. Doc. no. 11 at 6. The plaintiff has failed to allege any facts entitling him to expedited relief, and certainly not on a case-wide basis. To the extent that a bona fide emergency arises, the plaintiff may request expedited relief in an adequately supported motion detailing the specific need in that instance. Even so, the court remains responsible for determining the order in which cases and motions will be addressed. Doc. no. 9 is denied.[2]

The plaintiff need not attempt to track appropriate docket numbers for his filings. Thus, the clerk's office need not provide telephonic assistance to do so. See doc. no. 11 at 6-7. The plaintiff's request for an order requiring the clerk's office to do so is denied. The court will assign docket numbers to the plaintiff's filings when they are docketed, as it does for all cases. Asynchronous docket numbers will have no effect on the plaintiff's rights or the court's

[2] With respect to the plaintiff's example of an emergency, the court notes that it would be the rare case in which it would issue an ex parte discovery order, especially prior to service of the complaint. Thus far, the plaintiff has fallen far short of that standard. This does not prevent the plaintiff from sending a letter directly to any entity notifying them of the litigation and directing them to preserve all potential discovery.

consideration of the pleadings in this case.

For several reasons, the plaintiff's alleged disabilities do not entitle him to an order requiring the clerk's office to read newly issued orders aloud in full (doc. no. 11 at 7) or to provide more information to him than the office reasonably provides to others. One such reason is that the court already reasonably accommodates the plaintiff's alleged inability to use computer monitors or ECF by sending the court's orders via mail to litigants without ECF access. The plaintiff's filings will be considered by the court in due course and, while it may seem inconvenient to wait for orders in the mail or retrieve copies at the courthouse, the plaintiff is directed not to harass clerk's office staff for information via telephone that he will receive via mail through the court's normal processes. Clerk's office staff are not equipped to read court orders over the telephone, provide summaries of court orders to individual litigants, or have conversations reviewing the state of the docket. Doing so may risk unwittingly providing legal advice or misinformation and depriving other matters of the court's attention. Service of orders by mail provides adequate, effective, and meaningful access to the court under the circumstances. The plaintiff is likewise not entitled to "free, immediate physical paper copies of any newly entered docket updates directly from the intake desk upon request." Doc. no. 11 at 7. As may any other litigant, the plaintiff may request physical copies of docketed pleadings and orders at the courthouse, but he is required to pay the appropriate fee. A free copy will be mailed to his address on file with the court.

Further, the court will not "[d]irect that any routine, standard administrative or scheduling communications from the Clerk's Office be optimized for Thursdays and Fridays" to accommodate the plaintiff's school, medical, and work schedules. Doc. no. 11 at 7. The clerk's

office and the court must issue orders and communicate with litigants when it is able to do so, taking into account the court's obligations with respect to all of its duties. To the extent that the plaintiff's schedule necessitates a reasonable extension of a deadline or a continuance of a scheduled hearing, the plaintiff may request an appropriate extension.

## IV. Discovery (doc. no. 10)

Document no. 10 requests a case management order governing the types of discovery that will be available in this case. It is unclear from the plaintiff's subsequent filings whether he intends to maintain that request now or instead wishes to renew it at later date. See doc. no. 11 at 6 (seeking an order "expressly preserving Plaintiff's alternative discovery framework under Rule 31 . . . for later activation"). Regardless, the plaintiff's request is premature. The court will not consider appropriate discovery or a case management order until the defendants have answered and have the opportunity to be heard on any such order. The request is denied without prejudice to the plaintiff's ability to make the same request if and when the parties develop a proposed discovery plan.

## Conclusion

For the foregoing reasons, the plaintiff's various motions (doc. nos. 7, 8, 9, & 11) are denied. Document no. 10 is denied without prejudice. The plaintiff shall file a notice on or before October 28, 2026, identifying the pleadings he wishes the court to strike.

SO ORDERED

Samantha D. Elliott
United States District Judge

October 8, 2026
cc: